IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr335-MHT |
| | ) | (WO) |
| LARRY DONELL SMITH | ) | |

OPINION AND ORDER

This case is before the court on defendant Larry Donell Smith's motion for release pending sentencing. On February 7, 2018, Smith pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the following reasons, the court will grant Smith's motion, albeit subject to certain stringent conditions.

I. Background

In June 2017, state authorities arrested Smith for allegedly shooting his significant-other in her legs and vagina. In February 2018, he pled guilty to the federal charge of being a felon in possession of a firearm.

Shortly after pleading guilty, Smith suffered a stroke in the local jail in Montgomery, Alabama. He was transferred to a local hospital where he underwent surgery, and then transferred to the Columbia Regional Care Center in Columbia, South Carolina to receive follow-up care.

The stroke rendered Smith unable to speak. According to Dr. Karen Senior, Smith's treating speech language pathologist at Columbia Regional, part of Smith's difficulty speaking comes from an underlying difficulty breathing. At the time of his discharge, his treatment team was working to increase his production and lung capacity to improve his ability to speak. Dr. Senior requested Smith receive dentures so he could use an incentive spirometer, a medical device used to help patients improve lung functioning. Without dentures, his teeth are too weak and his gums too hard for him to use the device. Dentures would also help Smith progress from a soft foods diet to a regular diet. Dr. Senior concluded that if Smith were

2

able to receive dentures and utilize the incentive spirometer, he could, with proper speech therapy, increase his expressive language output. However, until then, Smith's primary form of communication would be writing and he would continue to have problems breathing.

The U.S. Marshal Service denied Dr. Senior's request for dentures, and Smith was returned to the Montgomery jail in July 2018. Because Columbia Regional did not send additional medical instructions, Smith did not receive any follow up care in jail. Upon hearing about Smith's condition, the court held a telephone conference to see if the parties could arrange for Smith to receive care to address his difficulty breathing and speaking. At the conclusion of the call it was clear that Smith would most efficiently receive proper care in the free world.

Smith, however, is homeless, and therefore has nowhere to go. The court suggested a number of

potential options, and defense counsel commenced extensive efforts to find Smith a place to stay.

On August 22, 2018, the court received a letter from Smith's cell-mate pleading for the court to pay urgent attention to Smith's health. *See* Statement from Adrian Thompson (doc. no. 59). The cell-mate explained that he was Smith's only caretaker, and that Smith "has got a lot worse from not having the proper treatment." *Id.* He also reported that Smith was experiencing difficulty breathing and sitting up, and that Smith "does nothing but sleep and look miserable." *Id.*

On August 24, 2018, the court held an in-camera hearing with Smith present. Smith's need for emergency medical care was manifestly clear. His voice was raspy and he could only speak one or two nearly unintelligible words at a time before needing to catch his breath. Smith described feeling like he was suffocating, and that he could not breathe lying down. The court ordered Smith be taken to an emergency room immediately. After receiving some injections and

antibiotics, and being prescribed an inhaler and other medications, he was discharged the same day and sent to the jail's infirmary.

On September 4, 2018, the court held a hearing on Smith's motion for release. Pretrial Services objected to his release. The government did not.

## II. Discussion

Generally, under 18 U.S.C. § 3143(a)(1), a defendant awaiting sentencing may be released if the district court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." A defendant convicted of certain serious crimes--including those classified as a "crime of violence"--must make an additional showing. 18 § 3143(a)(2).* However, no additional showing is

---

* 18 U.S.C. § 3143(a)(2) provides that a person awaiting a sentence for a "crime of violence" shall be ordered detained unless the court finds that: "(A)(i) ... there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an

required here, because the Eleventh Circuit Court of Appeals has squarely held that "felon in possession of a firearm" is not a "crime of violence" for purposes of the Bail Reform Act, 18 U.S.C. § 3156(a)(4). *United States v. Johnson*, 399 F.3d 1297, 1302 (11th Cir. 2005).

Accordingly, to release Smith, the court must find "by clear and convincing evidence" that he is (1) "not likely to flee" and (2) he would not "pose a danger to the safety of any other person or the community" if released. 18 § 3143(a)(1). Smith carries the burden of establishing that he is neither a danger nor flight risk. *See* Fed. R. Crim. P. 46(c); *see also United States v. Hooks*, 330 F. Supp. 2d 1311, 1312 (M.D. Ala. 2004) (Thompson, J.). This court finds that Smith is neither a danger nor a flight risk and is thereby entitled to release. *See* 18 § 3143(a)(1).

---

attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

As to danger, the alleged domestic violence shooting underlying Smith's conviction involves extremely grave and dangerous criminal conduct. Smith's reported past arrests for crimes of domestic violence also concern the court, although the lack of a conviction and the fact that they occurred more than 15 years ago diminishes their probative value in demonstrating dangerousness.

Most importantly, Smith has met his burden of proving he is not a danger due to his recent stroke and poor health, which make him a relatively low risk of danger to others. Indeed, Smith needs to be released to receive adequate medical treatment, which he is not currently receiving in jail. Improved medical treatment is necessary not only to protect Smith's dignity and stop unnecessary pain and suffering, but also to ensure that he can improve his speaking and thereby effectively participate in his sentencing by communicating with defense counsel, Probation, and others.

As to flight risk, this court finds that Smith is highly unlikely to fail to appear in light of his current health, housing, and medical-care situation. When released, the Federal Defenders will place Smith in a safe group home and help him obtain the urgent medical care he needs. Given that Smith is homeless, the court finds it hard to believe that he would flee a situation in which he has access to both medical services and safe housing. Moreover, Smith's release under conditions of home detention, with monitoring, will sufficiently reduce any flight risk or threat of danger. Finally, Smith will be ordered to refrain from having any contact with the victim of the alleged shooting underlying his felon in possession conviction.

***

Accordingly, it is ORDERED that:

(1) Defendant Larry Donell Smith's motion for release (doc. no. 63) is granted, and he is to be released immediately under the conditions set forth in

his appearance bond as well as any additional conditions that the U.S. Probation Office might have.

(2) Defendant Smith is to be also subject to home detention and monitoring according to the procedures and requirements of the U.S. Probation Office.

DONE, this the 5th day of September, 2018.

                                   /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**